UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
STEPHEN GANNON, *individually and on behalf of all* :
*others similarly situated*, :
:
                             Plaintiff, :          22-CV-1650 (JMF)
:
               -v- :       MEMORANDUM OPINION
:            AND ORDER
HUA DA INC., et al., :
:
                            Defendants. :
:
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       This case is one of at least twenty-six lawsuits that Plaintiff Stephen Gannon, who uses a manually powered wheelchair, filed between January 2022 and March 2022.[1] As in those cases, Gannon alleges that he was denied access to a public accommodation — in this case, a hybrid

---

[1] *See Gannon v. 124 East 40th Street LLC*, 22-CV-361 (filed Jan. 14, 2022); *Gannon v. 265 W. 37th Street LLC*, 22-CV-619 (filed Jan. 24, 2022); *Gannon v. 162 East Broadway LLC*, 22-CV-699 (filed Jan. 26, 2022); *Gannon v. 115 Les Realty LLC*, 22-CV-700 (filed Jan. 26, 2022); *Gannon v. 37 Essex Street Corp.*, 22-CV-771 (filed Jan. 28, 2022); *Gannon v. 209-219 W. 38 LLC*, 22-CV-879 (filed Feb. 1, 2022); *Gannon v. 521 Eighth Avenue LLC*, 22-CV-880 (filed Feb. 1, 2022); *Gannon v. 23 Essex Realty Corp.*, 22-CV-934 (filed Feb. 2, 2022); *Gannon v. Great World Enterprises Inc.*, 22-CV-1032 (filed Feb. 4, 2022); *Gannon v. 31 Essex Street LLC*, 22-CV-1134 (filed Feb. 9, 2022); *Gannon v. Rafael, Inc.*, 22-CV-1140 (filed Feb. 9, 2022); *Gannon v. 486 Ninth Avenue LLC*, 22-CV-1145 (filed Feb. 9, 2022); *Gannon v. 327 Grand Street Realty Corp.*, 22-CV-1217 (filed Feb. 13, 2022); *Gannon v. 55 Canal LLC*, 22-CV-1603 (filed Feb. 25, 2022); *Gannon v. 78 Orchard Street LLC*, 22-CV-1643 (filed Feb. 28, 2022); *Gannon v. Hoon On Co., Inc.*, 22-CV-1657 (filed Feb. 28, 2022); *Gannon v. Chun Chu Realty Inc.*, 22-CV-1659 (filed Feb. 28, 2022); *Gannon v. 36TH HY LLC*, 22-CV-1668 (filed Feb. 28, 2022); *Gannon v. 13-15 Essex Street LLC*, 22-CV-1671 (filed Feb. 28, 2022); *Gannon v. JBJ Holdings LLC*, 22-CV-1674 (filed Feb. 28, 2022); *Gannon v. Yan Ping Association, Inc.*, 22-CV-1675 (filed Feb. 28, 2022); *Gannon v. 75 & 81 Orchard Associates LLC*, 22-CV-1678 (filed Feb. 28, 2022); *Gannon v. Hun Shing Corp.*, 22-CV-1681 (filed Feb. 28, 2022); *Gannon v. 259 Broome LLC*, 22-CV-1684 (filed Feb. 28, 2022); *Gannon v. Rama & Manjula, LLC*, 22-CV-1760 (filed Mar. 2, 2022).

delicatessen and grocery located at 130 9th Avenue in Manhattan that does business as Chelsea Deli & Café — in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, as well as state and local law. See ECF No. 38 ("FAC"). Defendants, Hua Da. Inc. ("Hua Da") and Big Famous 1 Deli & Grocery, Inc. ("Big Famous"), now move, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss, arguing primarily that Gannon lacks standing to pursue injunctive relief under the ADA. See ECF Nos. 39, 43.

The standards relevant to Defendants' motions are well established. As the Second Circuit has held, a plaintiff has standing under the ADA where (1) he alleges past injury under the ADA; (2) it is reasonable to infer that the discriminatory treatment would continue; and (3) it is "reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [premises] to plaintiff's home, that plaintiff intended to return to the subject location." *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022) (quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187-88 (2d Cir. 2013)). Significantly, "the focus of the third factor — *i.e.*, intent to return based on past visits and proximity — is to ensure that the risk of harm is sufficiently imminent and substantial to establish standing. Thus, the central inquiry is not whether a complaint pleads the magic words that a plaintiff 'intends to return,' but if, examined under the totality of all relevant facts, the plaintiff plausibly alleges a real and immediate threat of future injury." *Id.* at 74-75 (cleaned up). Although a court must "generally accept the truth of a plaintiff's allegations at the motion to dismiss stage, the plaintiff still bears the burden of alleging facts that affirmatively and plausibly suggest that the plaintiff has standing to sue. Assessing plausibility is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 75 (cleaned up).

As Judge Ramos explained in another case brought by Gannon, "[t]he Second Circuit's opinions in *Kreisler* and *Calcano* are helpful in distinguishing between plausible and implausible assertions of an intent to return to a particular location to establish standing under the ADA." *Gannon v. 31 Essex St. LLC*, No. 22-CV-1134 (ER), 2023 WL 199287, at *3 (S.D.N.Y. Jan. 17, 2023). In *Kreisler*, the plaintiff — who was in a wheelchair and could not access the defendant's diner due to a step at the front entrance — "live[d] within several blocks of the Diner," "passe[d] by it three to four times a week," and "frequent[ed] diners in his neighborhood often." *Kreisler*, 731 F.3d at 186, 188. The Second Circuit held that these facts were sufficient to establish "a plausible intention to return." *Id.* at 188. By contrast, the plaintiffs in *Calcano* merely "parrot[ed] the court's language in *Kreisler*," alleging in conclusory fashion that they resided "in close proximity" to the defendants' stores, failing "to provide *any* details about their past visits or the frequency of such visits," and failing to "say why" they wanted to purchase the products at issue "so urgently that they intend[ed] to do so immediately" if the alleged ADA violations were remedied. *Calcano*, 36 F.4th at 76-77 (cleaned up). "Without such basic information," the court concluded, the plaintiffs failed to show they had "suffered an injury that [was] concrete and particularized." *Id.* at 77 (cleaned up). The *Calcano* court also took note of the fact that the four plaintiffs had "filed eighty-one . . . essentially carbon-copy complaints" in a three-month period. *Id.* at 77. Indeed, this "broader context of Plaintiffs' transparent cut-and-paste and fill-in-the-blank pleadings" could not be "ignore[d]." *Id.* Specifically, "[t]his backdrop of Plaintiffs' Mad-Libs-style complaints further confirm[ed] the implausibility of their claims of injury." *Id.*

This case falls on the *Calcano* side of the line. To be sure, Gannon alleges that he has been to the subject premises "many times" and identifies one specific date (October 8, 2021) on which he attempted to visit. *See* ECF No. 38 ("FAC"), ¶¶ 36, 72; *see also id.* ¶ 37 (alleging,

without elaboration, that he "typically has to ask others to purchase items for him"). He also alleges that he lives in Manhattan and "anticipates returning many times in the future," explaining (after Defendants moved to dismiss an earlier complaint that lacked any explanation) that he "frequents the neighborhood" because "he previously resided very nearby and has close friends at [sic] the neighborhood." *Id.* ¶ 36. But these allegations do little more than "parrot the court's language in *Kreisler*" and — especially when viewed in the "broader context" of Gannon's "transparent cut-and-paste and fill-in-the-blank pleadings" in the twenty-six cases that he filed (with the assistance of the same counsel) in the space of two months — fail to plausibly establish "a real and immediate threat of future injury." *Calcano*, 36 F.4th at 75-77 (internal quotation marks omitted). Gannon "does not provide sufficient evidence that he resides in close proximity to the property, merely asserting that he lives in the same county, i.e., the island of Manhattan." *Gannon*, 2023 WL 199287, at *4; *accord Gannon v. JBJ Holdings LLC*, No. 22-CV-1674 (LJL), 2022 WL 6698222, at *3 (S.D.N.Y. Oct. 11, 2022).[2] He does not "allege the frequency with which he has visited the Premises in the past." *Gannon*, 2022 WL 6698222, at *3. And he fails to explain "what is distinctive about" Defendants' delicatessen and grocery — one of literally *thousands* on the island of Manhattan — or "why he wants to" visit the place "'so urgently' that he intends to do so immediately upon the removal of the alleged barriers." *Id.* Absent "such additional allegations," the Court "is unable to draw an inference that he would

---

[2] In his memorandum of law opposing Defendants' motions, Gannon asserts that he "lives 1.9 miles" from the subject premises. ECF No. 45 ("Pl.'s Mem."), at 6 n.4. But that assertion appears nowhere in the operative complaint, and "it is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss." *O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989). In any event, a distance of 1.9 miles in Manhattan is not insignificant, as "travel around the island is time consuming and at times difficult — especially for disabled individuals needing additional accommodations in public transit or parking areas." *Gannon*, 2022 WL 6698222, at *3. Notably, Gannon himself alleges that "[t]ravel is difficult in New York City in a wheelchair as an amputee." FAC ¶ 38.

4

return to the Premises in the future" and must dismiss his ADA claims for lack of subject-matter jurisdiction. *Id.*; *see Gannon*, 2023 WL 199287, at *4 ("'[S]ome day intentions' are insufficient to establish an injury absent a description of concrete plans.").

In his memorandum of law, Gannon asserts that Defendants' standing arguments are relevant only to his claims of injunctive relief. Pl.'s Mem. 7-8. That may be so, but it is enough to dispose of his claims under the ADA, which does not provide for damages in a private action such as this. *See Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 94 (2d Cir. 2012). Whether Gannon's allegations are sufficient to state a claim under New York law is a question for the state courts, as there is no basis for this Court to exercise supplemental jurisdiction over his state-law claims given the posture of the case and dismissal of his only federal claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims."); *see also Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well."). For similar reasons, the Court declines to exercise supplemental jurisdiction over Hua Da Inc.'s amended cross-claim and amended third-party complaint. *See* ECF Nos. 14, 29.

In short, the Court concludes — as Judge Ramos and Judge Liman did in nearly identical circumstances, *see Gannon*, 2023 WL 199287, at *4; *Gannon*, 2022 WL 6698222, at *3 — that Gannon lacks standing to pursue his claims under the ADA. The Court acknowledges the important role that private ADA civil suits play in vindicating civil rights and securing equal access. But Article III, as construed by the Supreme Court and Second Circuit, requires

5

plaintiffs to meet certain basic requirements to bring a claim in federal court. Gannon does not meet those requirements and, thus, Defendants' motions to dismiss must be and are GRANTED (without prejudice to filing suit in state court). Further, because the Court previously granted Gannon leave to amend and Gannon neither suggests that he has additional facts that would cure the defects discussed above nor requests leave to amend again, the Court declines to *sua sponte* grant him another opportunity to amend. *See, e.g.*, *Pujol Moreira v. Societe Generale, S.A.*, No. 20-CV-9380 (JMF), 2023 WL 2051169, at *3 (S.D.N.Y. Feb. 16, 2023) (citing cases).

The Clerk of Court is directed to terminate ECF Nos. 39 and 43, to enter judgment in Defendants' favor consistent with this Memorandum Opinion and Order, and to close the case.

SO ORDERED.

Dated: March 28, 2023
New York, New York

_____
JESSE M. FURMAN
United States District Judge